COURT OF APPEALS
DECISION
DATED AND FILED

**July 21, 2026**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.  2025AP1386-CR**

**STATE OF WISCONSIN**

Cir. Ct. No.  2019CF969

**IN COURT OF APPEALS
DISTRICT III**

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

  V.

RICHARD A. WILTERDINK,

    DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Marathon County: GREGORY J. STRASSER, Judge. *Judgment affirmed; order affirmed in part, reversed in part and cause remanded with directions.*

Before Stark, P.J., Hruz, and Gill, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.  Richard Wilterdink appeals from a judgment of conviction and an accompanying restitution order related to a read-in offense.  He challenges the sufficiency of the evidence to support restitution to the victim in the amount of $630 for medical expenses and $1,000 for moving expenses.  We affirm the restitution award for medical expenses, but we reverse the award for moving expenses and remand with directions for the circuit court to make additional findings.

## BACKGROUND

¶2     The offense for which restitution is at issue in this case is a domestic abuse disorderly conduct charge based upon a series of text messages that Wilterdink sent to an ex-girlfriend, Jane.[1]  The text messages included multiple threats of violence or death against Jane.  In this appeal, Wilterdink does not challenge the circuit court's findings that: (1) Wilterdink's threatening text messages caused Jane to suffer stress and anxiety that exacerbated a pre-existing migraine condition; and (2) the text messages were part of a pattern of conduct that caused Jane to move away out of fear that Wilterdink would kill her.  Rather, Wilterdink asserts that the evidence presented at the restitution hearing was insufficient to support the amount of damages the court awarded to Jane for her resulting medical and moving expenses.

¶3     Regarding medical expenses, Jane testified that she received multiple treatments for her migraines between August 30, 2019, and March 16, 2020, during the period of time between the initial death threats and other acts by which

---

[1] Pursuant to the policy underlying WIS. STAT. RULE 809.86(4) (2023-24), we refer to the victim using a pseudonym.  All references to the Wisconsin Statutes are to the 2023-24 version.

Wilterdink subsequently violated a resulting restraining order.[2] Jane submitted a billing summary showing that she made $630 in payments to her medical care provider between September 3, 2019, and March 30, 2020, as well as making payments both before and after those dates. Although the billing summary itself did not specify what services the payments were for, Jane testified that the payments represented a payment plan for her out-of-pocket costs for the migraine treatments, and she had undergone a series of treatments, each of which cost about $4,000 each.

¶4      The circuit court accepted Jane's testimony as credible when it found that she did pay the amount she claimed for migraine treatments. The court further found that the amount claimed was reasonable and that Wilterdink had the ability to pay it.

¶5      Regarding moving expenses, Jane testified that she hired a moving company with "trailers" to move her belongings to another county after Wilterdink violated the restraining order on three occasions. Jane submitted a restitution letter that described her prior residence as a home she had bought in Weston, Wisconsin. Jane lost the moving company receipt for her payment to the movers during the nearly five years between the move and the restitution hearing, but she testified that she paid the moving company "close to $2,500."

¶6      The circuit court stated that it could not award Jane all of her claimed moving expenses "because it's her estimate based upon something that has not been stated in terms of any kind of an exhibit. I don't know what a reasonable moving expense is. I don't know what she had to move, [etc.]" The court further stated:

---

[2] As part of his plea deal, Wilterdink also entered a plea in Marathon County Case No. 2019CF1334 to a charge of violating a restraining order.

> And I believe, therefore, it's appropriate to award her something under the statute, for moving expenses, but I cannot award her $2,500, because I don't have enough evidence to indicate to me that, that is a reasonable out of pocket expense … by the victim. But, I do believe she should be reimbursed for something, after all she did move. And I will give her a thousand dollars for that. It's less than half, but I think that's appropriate.

¶7 The circuit court then entered a restitution order awarding Jane $1,630, plus statutory fees. Wilterdink appeals, challenging both components of the restitution award.

## DISCUSSION

¶8 A circuit court is required by statute to order a criminal defendant to make full or partial restitution to compensate a victim for losses suffered as a result of any crime considered at sentencing unless it finds, and states on the record, a substantial reason not to do so. *See* WIS. STAT. § 973.20(1r). In determining what amount of restitution is warranted, the court shall consider: (1) the amount of loss suffered by the victim as a result of the crime; (2) the financial resources of the defendant; (3) the present and future earning capacity of the defendant; (4) the needs and earning ability of the defendant's dependents; and (5) any other factors the court deems appropriate. Sec. 973.20(13)(a). We will sustain a court's discretionary calculation of a restitution award so long as the court applied the correct legal standard (which we will independently review) to a logical interpretation of the facts of record. *State v. Fernandez*, 2009 WI 29, ¶20, 316 Wis. 2d 598, 764 N.W.2d 509.

¶9 Wilterdink first contends that the circuit court erroneously exercised its discretion by awarding $630 for medical expenses because "there is no evidence that [his] actions increased [Jane's] payments toward preexisting medical debt." (Formatting altered.) However, as we have stated above, Jane testified that the $630

4

figure represented her out-of-pocket expenses for her migraine treatments, and the circuit court expressly found that testimony to be credible.

¶10 Because the circuit court is in the best position to observe witness demeanor and gauge the persuasiveness of testimony, it is the "ultimate arbiter" for credibility determinations when acting as a factfinder, and we will defer to its resolution of discrepancies or disputes in the testimony and its determinations of what weight to give to particular testimony. *Johnson v. Merta*, 95 Wis. 2d 141, 151-52, 289 N.W.2d 813 (1980) (citation omitted); *see also* WIS. STAT. § 805.17(2) ("[D]ue regard shall be given to the opportunity of the [circuit] court to judge the credibility of the witnesses.") This standard means that we will not overturn credibility determinations on appeal unless the testimony upon which they are based is "inherently or patently incredible or in conflict with the uniform course of nature or with fully established or conceded facts." *Global Steel Prods. Corp. v. Ecklund Carriers, Inc.*, 2002 WI App 91, ¶10, 253 Wis. 2d 588, 644 N.W.2d 269.

¶11 The fact that the medical records were not specific about what treatment each payment was for does not make Jane's testimony about what the payments were for inherently incredible or contrary to the laws of nature or fully established facts. For example, the fact that Jane was already making installment payments on preexisting debt is not inconsistent with adding an additional $630 in copayments to her cumulative debt without changing the amount of her installment payments, or with paying off the prior debt just at the time she incurred new debt.

¶12 Wilterdink also points out that several of the payments preceded the first date that one of her caregivers provided Jane with a specific type of treatment. However, that fact is not inconsistent with having prior appointments to evaluate Jane's condition and develop the treatment plan. Therefore, the circuit court's

finding that Jane paid $630 for migraine treatments necessitated in part by Wilterdink's offenses represented a logical interpretation of the facts of record, even if it was not the only conclusion the court could have drawn.

¶13 Wilterdink next contends that the circuit court erroneously exercised its discretion by awarding $1,000 for moving expenses because "there was no evidence of what constituted reasonable moving expenses and only an insufficient estimate as to the actual expenses." (Formatting altered.) He argues that if the court did not know what a reasonable moving expense was, it was arbitrary to simply pick a lesser amount than requested.

¶14 We agree that the circuit court erroneously exercised its discretion by failing to explain how it arrived at the $1,000 figure for Jane's moving expenses. We will therefore reverse that portion of the restitution award and remand with directions that the court reconsider the amount of moving expenses that Jane reasonably incurred. We offer several points for the court to take into account on its reconsideration.

¶15 First, a victim's uncontroverted testimony, if found credible, may provide a sufficient basis to prove the amount of restitution for out-of-pocket expenses. *State v. Pope*, 107 Wis. 2d 726, 730-31, 321 N.W.2d 359 (Ct. App. 1982). There is no actual requirement that receipts be provided. Here, we note that the circuit court did not state that it found Jane's uncontroverted testimony that she had paid $2,500 to a moving company to be incredible. If that is the case, then the first, and perhaps most significant, factor in determining the reasonable amount of moving expenses Jane incurred would be her testimony as to the actual amount she paid.

6

¶16 We see two additional facts in the record that would be relevant to a reasonableness determination on this matter. Jane moved her entire household, and she moved out of the county. Neither of those facts would appear to support a reduction in the amount of moving expenses that were reasonably incurred. Therefore, upon remand, the circuit court should either expressly state if it found Jane's testimony as to the amount she paid the movers to be incredible, or it should identify what other factors in the record it believes make it unreasonable for Jane to have paid $2,500 to the moving company, and provide a basis for any amount awarded.

*By the Court.*—Judgment affirmed; order affirmed in part, reversed in part and cause remanded with directions.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.